```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
TODD KREISLER
                                         Civil Action No.
                Plaintiff,               10-CV-7593(GBD)
     -against-
                                         ANSWER
TACO LOCAL CORP., a New York
Corporation, d/b/a FRESH TORILLA GRILL,
and 573 SECOND AVENUE CORP.,
a New York Corporation

                Defendants.
------------------------------------x
```

PERSONS:

PLEASE TAKE NOTICE, that Defendant, 573 Second Avenue Corp. ("Defendant"), by its attorney STEVEN T. GEE, P.C., answers to the complaint as follows:

1.  Denies knowledge or information sufficient to form a belief as to each and every allegation set forth in paragraph 1, 2, 3, 6, 7, 9, 11, 12, 14, 15, 17, 20, 25 of Plaintiff's complaint.

2.  Denies knowledge or information sufficient to form belief as to each and every allegation set forth in paragraph 4 of Plaintiff's complaint, except admits that 573 Second Avenue Corp. is the owner and lessor of real property located at 573 Second Avenue, New York, New York.

3.  Denies each and every allegation in paragraph 5, 8, 10, 13, 13(a) through 13(h), 16, 18, 21, 23, and 24 of Plaintiff's complaint.

4. With regard to paragraph 19, 22 of Plaintiff's Complaint, the Defendant repeats and reiterates each and every denial contained in this Answer as same is applicable to said paragraph and to the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

5. This court does not have jurisdiction over the person of the Defendant as service was not properly effectuated.

6. More specifically, the process server failed to properly serve the instant summons and complaint upon the Defendant. The process server failed to make any effort to complete personal service upon this Defendant, neither serving the pleadings personally nor by delivering to anyone of suitable age or discretion; in addition, these pleadings were not found annexed to the door or underneath the door of any premises in which the Defendant holds an office. The pleadings were also not served or received by the Defendant via the mail.

7. As such, the action must be dismissed against the Defendant.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

8. The complaint fails to state a claim against Defendant upon which relief can be granted.

9. As such, the complaint must be dismissed against the Defendant.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

10. That the Plaintiff lacks standing to maintain this action against the Defendant.

11. As such, the complaint must be dismissed against the Defendant.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

12. That the Plaintiff's claims are barred by the statute of limitations.

13. As such, the complaint must be dismissed against the Defendant.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

14. The Defendant is not a proper party in this action.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

15. That if the Plaintiffs sustained any injuries or damages at the time and place alleged in Plaintiff's Complaint, these injuries or damages were caused solely or in part by reason of the culpable conduct, Contributory Negligence, Comparative Negligence, and/or Assumption of Risk, either Express or Implied, of the Plaintiff, and the Defendant in such event demands dismissal of the Plaintiff's Complaint or a diminution of any recovery for the proportion of which the said culpable conduct, Contributory Negligence, Comparative Negligence, and/or Assumption of Risk attributable to the Plaintiff bear to the culpable conduct which caused the injuries and/or damages.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

16. That if is held liable in this action, the liability of the Defendant is and shall be limited, to the equitable share of the Defendant determined in accordance with the relative culpability of each person, entity or party causing or contributing to the total liability for non economic loss.

**AS AND FOR A CROSS CLAIM AGAINST THE CO-DEFENDANT**

17. That if the damages and injuries alleged in the complaint filed herein by the Plaintiff were the result of any acts or negligence other than Plaintiff's own conduct, they were caused by the active, primary and affirmative negligence or conduct of each and any Co-Defendant, their agents, servants and/or employees without any negligence or participation, active or otherwise, on the part of the Defendant 573 Second Avenue Corp., contributing thereto and in that said Co-Defendants caused, created, maintained, controlled, owned, supervised and was responsible for the conditions alleged in Plaintiff's complaint and at the site of the occurrence, and in that said Co-Defendants actively and actually caused, created, maintained and was responsible for the conditions alleged in Plaintiff's complaint and that for these reasons the Co-Defendants are obliged to indemnify and hold harmless the Defendant 573 Second Avenue Corp. from and against any and all liability and damages which may be imposed upon them  by reason of this lawsuit and that if any negligence or liability is found to exist on the part

of the Defendant 573 Second Avenue Corp., such liability and negligence or conduct will be secondary and/or passive or the results solely of operation of law as opposed to the liability of the Co-Defendants whose liability will be primary and active as aforesaid and in such event the Defendant 573 Second Avenue Corp. demands judgment over and against the Co-Defendants for the amount of any verdict or judgment which shall or may be had against the Defendant 573 Second Avenue Corp. in this action, together with all costs and expenses which may be incurred in the defense of this action.

### AS AND FOR A SECOND CROSS-CLAIM

18.  The Defendant 573 Second Avenue Corp. repeats and reiterates each and every allegation set forth in the First Cross Claim with the same force and effect as if more fully set forth at length herein.

19.  That if the Defendant 573 Second Avenue Corp. is held liable in this action, such liability and damages will have arisen out of and have been contributed to in all or in part by the negligence, breach of the Americans with Disabilities Act, the New York City Human Rights Law or the New York State Human Rights Law, and/or strict liability of the Co-Defendants, together with any servants, agents and/or employees of the same, and in such event the Defendant 573 Second Avenue Corp. demands that the ultimate rights of the Defendant 573 Second Avenue Corp. and of the Co-Defendants be determined in this action and that

the Defendant 573 Second Avenue Corp. have judgment over and against the Co-Defendants for all or part of any verdict or judgment which shall or may be had against the Defendant 573 Second Avenue Corp. in this action, and that such damages shall be apportioned accordingly as their respective liability shall be determined.

WHEREFORE, Defendant 573 Second Avenue Corp., respectfully request that Plaintiff's Complaint be dismissed, or in the alternative, demands that the ultimate rights of Plaintiff, Defendant 573 Second Avenue Corp., and of the Co-Defendants be determined in this action, and that Defendant 573 Second Avenue Corp. have judgment over and against the Co-Defendants for all or part of any verdict or judgment which shall or may be had against Defendant 573 Second Avenue Corp. in this action, together with the costs and disbursements of this action, and with such other and further relief as to this Court may seem just; proper and equitable.

Dated:     New York, New York
           November 29, 2010          STEVEN T. GEE, P.C.
                                      Attorney for Defendant
                                      573 Second Avenue Corp.
                                      121 Chrystie Street
                                      New York, New York 10002
                                      Tel.:(212) 334-8838
                                      Fax.: (212) 732-1043
                                      Email: Stevengeelaw@aol.com

                                      _____
                                      By Steven T. Gee (STG1819)

To: Adam Shore, Esq.
    Law Office of Adam Shore
    Attorney for Plaintiff
    100 Park Avenue, Suite 1600
    New York, New York 10017
    (646) 476-4296

    Taco Local Corp. d/b/a Fresh Tortilla
    573 Second Avenue
    New York, New York 10016

## AFFIRMATION OF SERVICE

      STEVEN T. GEE, an attorney duly admitted to practice law before all the Courts of the State of New York, hereby affirms the following to be true under the penalties of perjury:

      That on November 29, 2010, I served the within Answer by sending a true copy by federal express, overnight mail, addressed to the following persons at the last known addresses set forth below:

To:    Adam Shore, Esq.
         Law Office of Adam Shore
         Attorney for Plaintiff
         100 Park Avenue, Suite 1600
         New York, New York 10017

Dated: New York, New York
        November 29, 2010

                                                      STEVEN T. GEE

## AFFIRMATION OF SERVICE

STEVEN T. GEE, an attorney duly admitted to practice law before all the Courts of the State of New York, hereby affirms the following to be true under the penalties of perjury:

That on November 29, 2010, I served the within Answer by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to the following persons at the last known addresses set forth below:

```
To:   Taco Local Corp. d/b/a Fresh Tortilla
      573 Second Avenue
      New York, New York 10016
```

Dated: New York, New York
       November 29, 2010

                                             STEVEN T. GEE

Case No. 10-CV-7593 (GBD)

---

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**TODD KREISLER**

                    Plaintiff,

  -against-

**TACO LOCAL CORP., a New York**
**Corporation, d/b/a FRESH TORILLA GRILL,**
**and 573 SECOND AVENUE CORP.,**
**a New York Corporation**

                    Defendants.

---

**ANSWER**

---

STEVEN T. GEE, P.C.
Attorney for Defendant
573 Second Avenue Corp.
121 Chrystie Street
New York, New York 10002
(212) 334-8838